UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAHUNSENACAWAH RAOHTANEM,

    Plaintiff,

v.

Case No. 19-cv-12023
Hon. Matthew F. Leitman

COURTNEY LENHAUSEN,

    Defendant.

_____/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF #2), (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE, AND (3) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

On July 9, 2019, Plaintiff Wahunsenacawah Raohtanem filed this action against Defendant Courtney Lenhausen. (*See* Compl., ECF #1.) Raohtanem appears to seek the discharge of a debt under 12 U.S.C. § 95(A)(2) and $2,500,000 "in accordance with June 10th 2014 – Civil Orders." (*See id.* at Pg. ID 6.) Raohtanem provides no other information about the alleged Civil Order, and no other information about the alleged debt – except that Raohtanem alleges to be the creditor, not the debtor. (*See id.* at Pg. ID 5.) Raohtanem asserts the basis for jurisdiction is the "1791 Constitution for the United States: Amendment X" and the "1796 Treaty of Tripoli: Article II." (*Id.* at Pg. ID 4.) However, in the cover sheet, Raohtanem alleges a "Personal Injury – Product Liability" claim. (*Id.* at Pg. ID 9.) Raohtanem also attaches an excerpt of a document proclaiming the rights of indigenous peoples. (*Id.* at Pg. ID 8.) Raohtanem filed an application to proceed *in forma*

1

*pauperis* (the "Application"). (*See* Appl., ECF #2.) For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

**I**

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Raohtanem reports a complete lack of income or assets of any value. (*See* Appl., ECF #2 at Pg. ID 11-12.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Raohtanem. The Court therefore grants the Application and permits Raohtanem to file the Complaint without prepaying the filing fee.

**II**

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must nonetheless plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the

dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).  The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

The Court has carefully reviewed the Complaint and concludes that it does not state a plausible claim for relief.  The Court is mindful that a *pro se* litigant's complaint is held to "less than stringent standards," but Raohtanem's Complaint simply does not allege *any* facts that, if proven, would entitle him to relief.

Accordingly, **IT IS HEREBY ORDERED** that the Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. Rule Civ. Proc. 12(h)(3). The Court certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 19, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764